# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SCOTT MOORE, *et al.*,  )
                       )
           Plaintiffs, )
                       )
       v.              )     Case. No. 18-cv-2329-CM-KGG
                       )
KRIS W. KOBACH,        )
                       )
           Defendant.  )
                       )

## DEFENDANT'S REPLY TO PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the Defendant, Kris Kobach, and submits the following arguments and authorities in reply to Plaintiffs opposition to his motion to dismiss Plaintiffs Complaint for failure to state a claim upon which relief can be granted.

## NATURE OF THE CASE

Plaintiffs are three Kansas residents and registered voters. They filed this suit against Kris Kobach in his official capacity as Kansas Secretary of State ("KSOS") and in his individual capacity ("Kobach"). Their complaint asserts two causes of action: Count 1 pursuant to 42 USC §1983 for violations of their Constitutional right to informational privacy; and Count 2 for violations of KSA 75-3520.

## PLAINTIFFS STATEMENT OF FACTS

Plaintiffs statement of facts relies, in part, on paragraphs 55, 56, 69, 70, 72, 73, 75, and 86 of the Complaint. Those allegations are made "on information and belief" and therefore are not deemed true for purposes of deciding the pending motion.

## ARGUMENTS AND AUTHORITIES

### Standard of Review

A complaint must contain enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 555-56, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

The court need not accept as true those allegations that state only legal conclusions or rest on mere speculation, conjecture, or surmise. *Iqbal*, 556 U.S. at 678; *See Southway v. Central Bank of Nigeria*, 149 F. Supp. 2d 1268, 1274 (D. Colo. 2001). Likewise, allegations made "upon information and belief" are conclusory allegations which are not accepted as true, unless the complaint also alleges specific facts which form the basis of the belief. *Jackson-Cobb v Sprint United Management*, 173 F.Supp.3d 1139, (D.Colo 2016); *Montoya v OFriel*, 2017 WL 5891757 at *7 (D. New Mexico Nov. 27, 2017)

### 42 USC §1983

### There is no Constitutional Right to Informational Privacy

The United States Supreme Court has never held that there is a constitutional right to informational privacy. In *National Aeronautics and Space Admin v Nelson*, 562 U.S. 134, 131 S.Ct. 746, 178 L.Ed.2d 667 (2011) the Court explained that any statements in prior decisions regarding a constitutional protection against government disclosure of personal information were dicta. The Court further explained that in *Whalen v Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) and *Nixon v Administrator of General Services*, 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977), it assumed, without deciding, that the constitutional right to informational

privacy alleged in those cases existed. The Court noted that since *Whalen* and *Nixon* "[N]o other decision has squarely addressed a constitutional right to informational privacy." 562 U.S. at 146 and that it would decide *Nelson* on the same basis. "We assume, without deciding, that the Constitution protects a privacy right of the sort mentioned in *Whalen* and *Nixon*." 562 U.S. at 138. "As was our approach in *Whalen,* we will assume for present purposes that the Government's challenged inquiries implicate a privacy interest of constitutional significance." 562 U.S. at 147. In all three cases the Court held that the challenged conduct would not violate any assumed right to informational privacy.

In his concurrence in *Nelson,* Justice Scalia stated: "A federal constitutional right to "informational privacy" does not exist." 562 U.S. at 160; "In sum, I would simply hold that there is no constitutional right to "informational privacy."" 562 U.S. at 161; "The Court's sole justification for its decision to "assume, without deciding" is that the Court made the same mistake before—in two 33–year–old cases" 562 U.S. at 162. "*Whalen* and *Nixon* created an uncertainty that the text of the Constitution did not contain and that today's opinion perpetuates." 562 U.S. at 162.

The majority opinion clarified that the Court intended to leave the question unresolved: "The opinions concurring in the judgment disagree with this approach and would instead provide a definitive answer to the question whether there is a constitutional right to informational privacy. *Post,* at 766 – 767 (opinion of SCALIA, J.); *post,* at 764 (opinion of THOMAS, J.). One of these opinions expresses concern that our failure to do so will "har[m] our image, if not our self-respect," *post,* at 767 (SCALIA, J.), and will cause practical problems, *post,* at 767 – 768. There are sound reasons for eschewing the concurring opinions' recommended course." 562 U.S. at 147 n.10.

Recently in *Leiser v Moore*, 903 F.3d 1137 (10th Cir. 2018), the 10th Circuit recognized that "More recently, however, the Supreme Court has made clear that the existence of such a right is an open question…" 903 F.3d at 1141. "Much more importantly, in 2011 the Supreme Court made clear that any statements in its precedents regarding a constitutional protection against government disclosure of personal information were dicta." 903 F.3d at 1141. "The Supreme Court has stated that this is an open question—it has never held that there is a constitutional right to prevent government disclosure of private information." 903 F.3d at 1144. However, the Court decided the case before it without resolving the "open question": "This is not to say that our precedents on this issue are incorrect or that they have been overruled. That is a matter we need not decide on this appeal." 903 F.3d at 1144.

Therefore, because the United States Supreme Court has never held that there is a constitutional right to prevent government disclosure of private information, Count 1 fails to state a claim upon which relief can be granted.

### Defendant is entitled to Qualified Immunity

Plaintiffs do not contest this point: "Plaintiffs do not claim Secretary Kobach is liable in his individual capacity for violating their Fourteenth Amendment privacy rights." (Doc. 14, p.13)

### <u>KSA 75-3520</u>

### This Court Lacks Jurisdiction

Plaintiffs present no argument in opposition.

### This Court Should Decline to Exercise Supplemental Jurisdiction

Plaintiffs present no argument in opposition.

**KSA 75-3520 does not apply**

KSA 75-3520(a)(1) applies to "documents available for public inspection or copying". The list or spreadsheet of 945 individuals who are possibly registered to vote in both Kansas and Florida sent by email from the Office of the Kansas Secretary of State to the Florida Department of State Division of Elections is not a document made available for public inspection or copying by KSOS.  Plaintiffs argue that voter registration books and voter registration lists are publicly available under the Kansas Open Records Act.  That does not make a spreadsheet identifying individuals who may be registered to vote in two states sent from Office of the Kansas Secretary of State to the Florida Department of State Division of Elections, containing some of the information also contained in voter registration applications and records, a document available for public inspection under KSA 75-3520.

Plaintiffs also argue that disclosure of public records to the federal government or to other state governments are still public disclosures under Kansas open records laws.  As authority for that proposition, plaintiffs claim "the Attorney General has specifically identified that giving Kansas voter data to the federal government would be considered a disclosure to "any person" under KORA. Attorney General Opinion No. 2017-10, at 2" (Doc. 14, p.13).  However, Attorney General Opinion No. 2017-10 does not address disclosure to the federal government or other state governments.  It simply opines that, under KORA, any person may inspect public records, including persons who work for the government.

Therefore, the Office of the Kansas Secretary of State did not violate KSA 75-3520 by sending that list as an email attachment to the Florida Department of State Division of Elections in 2013; and Kris Kobach individually did not violate KSA 75-3520 when the Florida Department of State Division of Elections released that email four years later.

## CONCLUSION

As shown by the above arguments and authorities, and those set forth in Defendant's brief in support of his Motion to Dismiss, Plaintiffs Complaint fails to state a claim upon which relief can be granted, and should be dismissed.

WHEREFORE, for the above and foregoing reasons, Defendant Kris Kobach respectfully request this motion be granted an order entered dismissing plaintiffs complaint, and for such other relief as the court deems just and equitable.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*/s/ Stanley R. Parker*
Stanley R. Parker, KS #10971
Assistant Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-8423
Fax:    (785) 291-3767
stanley.parker@ag.ks.gov
*Attorney for Defendant Kris Kobach*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2018, the above and foregoing DEFENDANT'S REPLY TO PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was electronically filed with the Clerk of the Court using the CM/ECF system, which sent electronic notice to counsel of record:

Lauren Bonds
ACLU Foundation of Kansas
6701 W. 64th St., Suite 210
Overland Park, KS 66202

Zal K. Shroff
ACLU Foundation of Kansas
151 N. Market Street, Ste. 1725
Wichita, KS 67202

Mark P. Johnson
Dentons US LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111
*Attorneys for Plaintiffs*

                                              */s/ Stanley R. Parker*
                                              Stanley R. Parker