IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SCOTT MOORE, JAMES LONG, AND NANCY PERRY, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**KRIS KOBACH, in his individual capacity, and SCOTT SCHWAB, in his official capacity as the Secretary of State of Kansas,**<br><br>**Defendants.** | Case No. 18-2329-DDC-KGG |

### MEMORANDUM AND ORDER

This matter comes before the court on defendant Kris Kobach's Motion to Reconsider (Doc. 19). It asks the court to reconsider the court's decision denying defendants' Motion to Dismiss Count II of the Complaint in the Memorandum and Order dated February 1, 2019. Doc. 17.

For the reasons explained below, the court finds defendant Kobach's arguments do not merit a different outcome. The court thus denies defendant Kobach's motion.

**I.      Background**

Scott Moore, James Long, and Nancy Perry bring this action individually and on behalf of all others similarly situated against defendants Scott Schwab, in his official capacity as the Kansas Secretary of State, and former Kansas Secretary of State Kris Kobach, in his individual capacity. Defendant Kobach was Kansas Secretary of State when the alleged violations occurred. Plaintiffs allege that defendant Schwab has violated their Fourteenth Amendment right

to informational privacy in two ways: (1) failing to adopt adequate safeguards for the Interstate Voter Registration Crosscheck Program ("Crosscheck"); and (2) disclosing part of plaintiffs' Social Security numbers and other personal identifiable information. Plaintiffs also allege defendant Kobach has violated the Kansas Public Records Act.

Earlier, defendants Schwab and Kobach moved the court to dismiss all of plaintiffs' claims. See Doc. 11. The court denied defendants' motion, holding that Tenth Circuit precedent recognizes a constitutional right to informational privacy. Doc. 17 at 33. Defendant Kobach asks the court to reconsider its Order denying dismissal of the claims asserting violation of the Kansas Public Record Act.

**II.     Legal Standard**

D. Kan. Rule 7.3(b) requires a movant to base its motion for reconsideration on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). So, "a motion for reconsideration is appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012). "The decision whether to grant a motion to reconsider is committed to the district court's discretion." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)); *see also Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) (noting "the decision to grant reconsideration is committed to the sound discretion of the district court").

### III.   Analysis

Mr. Kobach did not file a timely motion. Under D. Kan. Rule 7.3, a movant seeking reconsideration must file its motion within 14 days after the order is filed, unless the court extends the time. D. Kan. Rule. 7.3(b). The court issued its Memorandum and Order denying defendants' Motion to Dismiss on February 1, 2019. Doc. 17. And, the court did not extend the time. Mr. Kobach did not file his Motion for Reconsideration until February 16, 2019, which falls outside the time frame contemplated by the court's local rules. Thus, Mr. Kobach's request for reconsideration is untimely and the court need not consider it.

But, even if Mr. Kobach had filed his motion for reconsideration in a timely fashion, the court's conclusion would remain the same. A motion for reconsideration "is not [an] appropriate [device] to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ferluga*, 236 F.R.D. at 549.

Mr. Kobach's motion contends that three parts of Rule 7.3(b) require the court to reconsider its February 1 Order: (1) misapprehension of the facts; (2) misapprehension of the law; and (3) clear error. The court addresses each of Mr. Kobach's arguments below.

#### a.   Misapprehension of Facts

Mr. Kobach asserts the court misapprehended the facts when it took as true plaintiffs' allegation that "Attorney General Schmidt also opined that the Presidential Advisory Commission on Election Integrity was a 'person' for purposes of the Kansas Open Records Act, any information shared with the Commission was tantamount to releasing the information to the public." Doc. 20 at 3. Defendants raised their objection to this portion of the Complaint in their Reply to Response to Motion to Dismiss. Doc. 15 at 5. But, the court's decision on the Motion to Dismiss, considered the Attorney General's opinion analogous and persuasive authority when

it determined whether plaintiffs have alleged a violation of Kansas election law. Doc. 17 at 39–40. Contrary to Mr. Kobach's argument, the court never relied on plaintiffs' assertion as a fact. So, the court need not address Mr. Kobach's argument that it misapprehended the facts.

Mr. Kobach also asserts that the court improperly accepted as true allegations made "on information and belief." Defendants made these same arguments in their Motion to Dismiss. Doc. 15 at 1–2, 5. And the court addressed them. *See* Doc. 17 at 16–19. A motion for reconsideration "is not [an] appropriate [device] to revisit issues already addressed[.]" *Ferluga*, 236 F.R.D. at 549. The court, thus, will not readdress this renewed argument.

### b. Misapprehension of Law

Mr. Kobach asserts that—if the court disregards the allegations made "on information and belief"—then no factual basis exists to find that he violated Kan. Stat. Ann. § 75-3520. As discussed above, the court's February 1 Order found that the controlling procedural principles required the court to consider the facts in the Complaint alleged "on information and belief." Doc. 17 at 16–19. The court also discussed Kan. Stat. Ann. § 75-3520 in detail and Mr. Kobach's brief never explains why the court misapprehended the law. Instead, he focuses again on what facts the court considered. A motion to reconsider is no place to revisit issues already addressed. Accepting the Complaint's factual allegations as true, the Complaint states a plausible claim against Mr. Kobach for violating Kan. Stat. Ann. § 75-3520.

Mr. Kobach next asserts that the Complaint never alleged that he individually disclosed the 2013 information, or committed any other breach. This is correct. The Complaint does not allege that Mr. Kobach individually disclosed the 2013 information. But, Mr. Kobach's argument ignores other allegations in the Complaint. It alleges that Mr. Kobach "exposes the confidential personal information of Kansas voters through his office's data collection,

maintenance, and transmission practices as a Crosscheck participant." Doc. 1 at 21 (Compl. ¶ 71). And, the Complaint asserts, on information and belief, that "[d]efendant Kobach has sent and continues to send voter personal identifying information and partial social security numbers as an unencrypted email attachment to other participant states." *Id.* (Compl. ¶ 72). So, the Complaint, in fact, alleges Mr. Kobach's personal involvement in ongoing breaches.

Finally, Mr. Kobach asserts that Kan. Stat. Ann. § 75-3520 does not authorize individual liability for civil monetary penalties. The problem with this argument is that Mr. Kobach never made it in his original Motion to Dismiss. A motion for reconsideration "is not [an] appropriate [device] to . . . advance arguments that could have been raised in prior briefing." *Ferluga*, 236 F.R.D. at 549. Specifically, to support his Motion to Dismiss, Mr. Kobach argued that Kan. Stat. Ann. § 75-3520 does not apply for two reasons: (1) the list of 945 voters was not a document made available for public inspection or copying by the Kansas Secretary of State, and (2) Kan. Stat. Ann. § 75-3520(a)(2)(6) exempts secretary of state filings from the statute requirements under (a)(1). Doc. 12 at 6. But, until the current motion, Mr. Kobach never argued that the statute will not abide individual liability for civil monetary penalties. The court thus need not— and, indeed, cannot—address Mr. Kobach's argument on a motion for reconsideration.

### c. Clear Error

Finally, Mr. Kobach asserts that the court's finding that "the list of 945 individuals who are possibly registered to vote in both Kansas and Florida sent by email from the Office of the Kansas Secretary of State to the Florida Department of State Division of Elections is a 'document made available for public inspection or copying' under Kan. Stat. Ann. § 75-3520(a)(1)" is clear error. Doc. 20 at 6. As the court already has explained, a motion to reconsider is no place to revisit issues already decided. Mr. Kobach made similar arguments in

his briefing on the Motion to Dismiss.  Doc. 12 at 6; Doc. 15 at 5.  The court rejected them.  *See* Doc. 17 at 39–40.  The court concluded that sharing partial Social Security numbers of identifiable voters under Kan. Stat. Ann. § 75-3520(a)(1) implicates a strong public policy interest of the state of Kansas.  And, the slight variation that the Kansas Secretary of State's office shared this information with a state government, instead of the federal government, does not change the court's conclusion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Kris Kobach's Motion to Reconsider (Doc. 19) is denied.

**IT IS SO ORDERED.**

**Dated this 5th day of September, 2019, at Kansas City, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**