**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SCOTT MOORE, JAMES LONG, AND NANCY PERRY, on behalf of themselves and all others similarly situated,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 18-2329-DDC-KGG** |
| **KRIS KOBACH, in his individual capacity, and SCOTT SCHWAB, in his official capacity as the Secretary of State of Kansas,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Scott Schwab's Motion to Alter or Amend.  Doc. 21.  Mr. Schwab's motion asks the court to amend its February 1, 2019 Memorandum and Order denying defendants' Motion to Dismiss to add language certifying the Order for interlocutory appeal under 28 U.S.C. § 1292(b).  *Id.* at 1.  Plaintiffs oppose Mr. Schwab's motion.  Doc. 25.  For reasons explained below, the court denies Mr. Schwab's motion.

### I.     Factual and Procedural Background

Scott Moore, James Long, and Nancy Perry bring this action individually and on behalf of all others similarly situated against defendants Scott Schwab, in his official capacity as the Kansas Secretary of State, and Kris Kobach, in his individual capacity.  Plaintiffs allege that defendant Schwab has violated their Fourteenth Amendment right to informational privacy in two ways:  (1) failing to adopt adequate safeguards for Crosscheck; and (2) disclosing part of

plaintiffs' Social Security numbers and other personal identifiable information.  Plaintiffs allege defendant Kobach has violated the Kansas Public Records Act.

Earlier, defendants Schwab and Kobach moved the court to dismiss plaintiffs' claims. The court denied defendants' motion.  Doc. 17.  In doing so, the court held that the Tenth Circuit precedent recognizes a constitutional right to informational privacy.  *Id.* at 33.  Defendant Schwab asks the court to amend its Order, adding language to certify the Order for interlocutory appeal.

## II.   Legal Standard

Generally, courts of appeals only have jurisdiction to hear appeals from a district court's final decision.  28 U.S.C § 1291.  But, 28 U.S.C. § 1292 establishes certain exceptions to this rule, permitting courts of appeals to hear certain interlocutory appeals.  One exception for interlocutory appeal is a decision certified by a district judge.  A district judge may certify an interlocutory order for immediate appeal when the judge concludes that (1) the district court's order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may advance the ultimate termination of the litigation materially.  *Id.* § 1292(b).  A decision to certify under § 1292(b) is committed to the district court's discretion.  *Id.*  Certification under this provision is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision[s] of controlling questions encountered early in the action."  *Utah By & Through Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation and internal quotation marks omitted).  District courts also have discretion to determine whether to stay proceedings pending disposition of an interlocutory appeal.  28 U.S.C. § 1292(b).  But, the "Tenth Circuit[ ] [has] demonstrated reluctance to accept

cases for interlocutory appeal except in the rarest of circumstances," *Etienne v. Wolverine Tube, Inc.*, 15 F. Supp. 2d 1060, 1062 (D. Kan. 1998).

### III.    Analysis

Mr. Schwab asserts that this case meets all three requirements for a 28 U.S.C. § 1292(b) appeal and so, the court should certify the Order for interlocutory appeal.  That is, Mr. Schwab argues that:  (1) the court's Order recognizing a right to informational privacy involves a controlling question of law; (2) a substantial ground for difference of opinion exists about this question of law; and (3) an immediate appeal from the Order may advance the ultimate termination of the litigation materially.  Plaintiffs do not dispute that the first and third requirements are satisfied here.  Doc. 25 at 2.  But plaintiffs assert that Mr. Schwab has failed to demonstrate substantial ground for a difference of opinion about the question of law.  The court agrees with them.

To find a substantial ground for difference of opinion, the court must conclude that the question of law "is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions."  *Farmer v. Kan. State Univ.*, No. 16-CV-2265-JAR-GEB, 2017 WL 3674964, at *3 (D. Kan. Aug. 24, 2017) (quoting *Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*, No. CIV-11-1284-D, 2014 WL 8187951, at *4 (W.D. Okla Dec. 12, 2014)).  This standard requires the certification's movant to present a colorable argument to support its position.  *Rural Water Dist. No. 4 v. City of Eudora, Kan.*, 875 F. Supp. 2d 1260, 1274 (D. Kan. 2012), *rev'd in part on other grounds* 720 F.3d 1269 (10th Cir. 2013).  That an issue presents a question of first impression is not, by itself, sufficient. *Id.* (citation omitted).  Nor will contradictory case law—by itself—qualify a case for certification.  *Id.*

Here, Mr. Schwab argues that because the Supreme Court has not addressed the issue of the right to informational privacy, "there is substantial ground for difference of opinion regarding the overarching legal issue in this case."  Doc 22 at 2.  While the court's Order recognized that the Supreme Court has not decided the issue of the right to informational privacy, it noted that the Tenth Circuit has addressed the issue.  Doc. 17 at 1.

The court acknowledged that the Circuit's opinion in *Lesier* v. *Moore* raises some questions about the viability of its earlier holdings about the right to informational privacy.  *See Leiser v. Moore*, 903 F.3d 1137, 1141–46 (10th Cir. 2018).  The Circuit discussed the "development" that had raised legitimate questions about the right to informational privacy.  *Id.* at 1141.  But, while it recognized the question, the Circuit did not overrule its existing precedent.  *Id.* at 1144 ("This is not to say that our precedents on this issue are incorrect or that they have been overruled.").

The Circuit has not overruled its prior decisions establishing a right to informational privacy.  *Id.*  There can be no substantial difference of opinion when the resolution of this case is "substantially guided by previous decisions."  *Farmer*, 2017 WL 3674964, at *3.  Notwithstanding the unclear state of the law in Supreme Court precedent, the position of the Circuit is clear:  the right to informational privacy exists, for now.

For this reason, and because of the "Tenth Circuit's demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances," *Etienne*, 15 F. Supp. 2d at 1062, the court denies Mr. Schwab's Motion to Alter or Amend.  *See also Utah By & Through Department of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (explaining that certifying an order for interlocutory appeal is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision[s] of

4

controlling questions encountered early in the action" (citation and internal quotation marks omitted) (emphasis added)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Scott Schwab's Motion to Alter or Amend (Doc. 21) is denied.

**IT IS SO ORDERED.**

**Dated this 5th day of September, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**