IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SCOTT MOORE, JAMES LONG, AND NANCY PERRY, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 18-cv-2329-DDC-KGG |
| SCOTT SCHWAB, in his official capacity as the Secretary of State of Kansas, | ) ) ) ) ) | |
| Defendant. | ) | |

### ORDER FOR AND NOTICE OF SETTLEMENT CONFERENCE

Pursuant to Fed. R. Civ. P. 16(a)(5) and D. Kan. Rule 16.3, and at the request and agreement of the parties, please take notice that a settlement conference will be conducted in this case by the undersigned U.S. Magistrate Judge, on **December 10, 2019 at 9:00 AM** in Room 236, Robert J. Dole U.S. Courthouse, 500 State Avenue, Kansas City, Kansas.

The basic purpose of the settlement conference -- and the basic purpose of all of the specific requirements set forth below -- is to promote informal, candid, and ultimately productive discussions among the parties and their representatives, lead trial counsel, and the undersigned Magistrate Judge. Every aspect of the litigation bearing on its settlement value will be considered, in order that the Magistrate Judge may privately express her views concerning the actual dollar settlement value or other reasonable disposition of the case, bearing in mind that the Magistrate Judge will not try the case if the parties should be unable to reach a settlement.

As with trial, it is essential that everyone involved be fully prepared for the settlement conference. Toward that end, by **December 6, 2019**, plaintiffs and defendant shall submit a written settlement conference statement ("settlement statement") to the undersigned Magistrate

Judge (and <u>not</u> to the assigned trial judge) by way of an e-mail attachment to the following e-mail address:  *ksd_james_chambers@ksd.uscourts.gov*.  The settlement conference statements shall concisely provide, in summary form, the following information: (1) a detailed itemization and explanation of the damages or other relief requested; (2) the most pertinent or compelling facts and/or issues that each side anticipates may impact settlement negotiations; (3) an evaluation of the strengths and weaknesses on each of the key factual and legal issues; (4) the projected out-of-pocket expense, including attorney's fees, that may be at issue; (5) the estimated amount of delay associated with proceeding to trial and dealing with any appeals; (6) a recapitulation of the parties' prior negotiations, with the date and terms of each settlement offer and counteroffer; and (7) perhaps most importantly, a detailed explanation of why the case has not been settled to date, accompanied by specific suggestions concerning how the impasse can be remedied.  **<u>The parties' written settlement statements shall not exceed five pages, and shall not be filed.</u>**  The settlement statements are **<u>confidential</u>** and the parties **<u>are not</u>** to provide copies to each other.

The settlement statement will only be useful to the Magistrate Judge (and conducive to the mediation process) if it is realistic and objective about the weaknesses and strengths in each party's case.  Neither the settlement statements nor communications during the settlement conference can be used by any party during the trial of the case.  *See* Fed. R. Evid. 408.

The above-described settlement statement shall contain a certificate of service that copies have been provided to the client and any aligned non-party who has a direct financial stake in the outcome of the case, e.g., the defendant's liability insurance carrier(s), if applicable.  Further, the settlement statement shall provide the name, address, telephone number, and employer and job title (if applicable), of the representatives who will attend the conference.

In addition to counsel being present at the settlement conference, the Court ordinarily requires a person with actual settlement authority for each party and each non-party having an interest in the outcome of the case to be present. In this case, however, the Court will allow the individual plaintiffs to participate by phone. The person with actual settlement authority shall be adequately familiarized with the case so as to enable him or her to negotiate about the case in good faith.

Only a person with complete and actual settlement authority meets the requirement of this Order. Trial counsel rarely satisfies the requirement of a person with actual settlement authority. The purpose of this requirement is to have a representative present for each party who can settle the case during the course of the conference without consulting a superior.

Prior to the settlement conference, the Court encourages and expects that counsel will have discussed settlement in detail with the client. Further, prior to the conference, the parties shall have conducted serious settlement discussions, either directly or through counsel.

Counsel shall bring to the conference those portions of their files that would be helpful to the Magistrate Judge during the course of the conference.

The Magistrate Judge will begin the conference by meeting briefly with all the attendees as a group. After this initial session, the Magistrate Judge will talk privately with the parties and their representatives, beginning with the Plaintiff.

The Court tentatively has allotted one-half day for the settlement conference in this particular case. The conference, however, will continue on the date noticed until the Court determines that there is nothing further to be gained by continuing.

The requirements of this Order have been imposed to make certain, to the extent possible, that possible avenues of settlement are reasonably explored before the settlement conference

begins.  The Court intends to minimize the risk that the valuable time, money, and resources of anyone involved in the mediation process is wasted.

Any material noncompliance with the requirements of this Order may result in the imposition of sanctions against the responsible party, attorney, or other representative.  Such sanctions may include, but are not limited to, an award of attorneys' fees, travel expenses, or both.  If counsel or the parties have any questions about this Order, they may contact my chambers at ksd_james_chambers@ksd.uscourts.gov.

IT IS SO ORDERED.

Dated at Kansas City, Kansas this 15th day of November, 2019.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge